Peter J. Little #173397

CIBOLA UNIT GF9

A.s.P.C. P.o. Box 8820

San Luis, AZ 85349

FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 30 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Peter J. Little,

Plaintiff.

-vs-

Charles L. Ryan,

Defendants.

CASE NO: 2:11-CV-781-PHX-FJM(LOA)

PLAINTIFFS RESPONSE TO DEFEN-
DANTS MOTION TO DISMISS UNDER
RULE 12(B)

IN response to defendants Rule 12(B) motion to Dismiss. (Doc. 22). Defendant moves for dismissal claiming that Plaintiff did not exhaust his administrative remedies, before initiating his § 1983 lawsuit.

Also that under 42 U.S.C. §1997e(a) it is mandated that the lawsuit be dismissed as exhaustion is a precedent condition to filing suit, thereby barring the complaint.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. FACTS

Plaintiff did exhaust <u>all</u> administrative remedies under the Prison Litigation Reform Act of 1996 (PLRA throughout) and 42 U.S.C. § 1997 e(a).

## II. LEGAL ARGUMENT

A. The PLRA of 1996 mandates exhaustion of administrative remedies prior to suit for all inmates claims "brought with respect to prison conditions under section 1983 of this title, or any other federal law." 42 U.S.C. §1997 e(a); <u>Porter v. Nussle</u>, 534 U.S. 516, 517 (2002).

"In deciding a motion for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir 2003).

Relevant evidence in demonstrating the availability of administrative relief "include statutes, regulations, and other official directives that explaine the scope of the administrative review process and documentary ... evidence from prison officials who review the process. <u>Brown v. Valoff</u>, 442 F.3d 926, 937 (9th Cir. 2005).

## B. The Inmate Grievance System

Under the Inmate Grievance System, Department order 802, if a prisoner has a complaint inmates shall attempt to resolve the complaint through informal means. D.O. 802.02.

If the prisoner can not resolve their complaint informally they can file a grievance within five days after they recive the receipt of the response from their CoIII. D.O. 802.03(1) (emphasis added).

803.03(1.5) "Within 15 working days the Deputy Warden shall issue a written response to the inmate. If the issue was not resolved at the grievance level, within five work days of reciving the Formal Grievance Response from the Deputy Warden an inmate may Appeal the decision to the Warden. 802.04

If the issue was not resolved during the Appeal to the Warden the inmate the Appeals to the Director at Central Office. 802.05

Under 802.05 (1.2) the Units Co IV logs, and forwards all documents (grievance file) to Central Office Appeals Officer within five workdays.

802.05 (1.4) Within 30 calendar days of receiving the appeal, the Central Office Appeals Officer shall prepare a response and submit for the Director's signature.

802.05 (1.8) The decision of the Director is final and constitutes exhaustion of all remedies within the department. (See Doc 22, Defendants Exhibit 1, Att. B).

3

Plaintiff hereby submits Exhibits proving that all
administrative remedies where exhausted.

On 6-1-10 Plaintiff submitted an informal resolution
inmate letter (Exhibit A, Attachment 1.)

On 6-25-10 Plaintiff recived a respone from CO III
Wilcox (Ex A. Att 2).

On 6-17-10 Plaintiff filed a grievance on the issue
after filing for informal resolution. The court can
see in the grievance submited that Plaintiff did
make ADOC aware of the facts that ADOC was in
violation of the Fifth Amendment right to property,
the Fourteeth Amendment right to due process of law and
the "Takings Clause" of the Fifth Amendment.

Also, Plaintiff requested an 8% just compensation
under the Fifth Amendment.

A respone was filed by Deputy Warden Rider on
7-9-10. (Ex A. Att 3.)

Plaintiff never recived copy of grievance or respone
back, so on 9-29-10 (Ex A. Att. 4) Plaintiff wrote in-
mate letter on why he never recived his response
and asked for a response with return of inmate
letter so Plaintiff could continue his administrative
remedies. Inmate letter was returned with response
on 10-7-10 (Ex A. Att 5).

On 10-11-10 (Ex A. Att 6) Plaintiff submited grievance
appeal to complex warden J. Sterwes' office.

After time limits expired Plaintiff once again filed another inmate letter on 11-21-10 (Ex A. Att 7) to grievance coordinator Jensen on why Plaintiff had not recived a response to his grievance appeal.

On 11-30-10 Plaintiff recived inmate letter back with attached grievance appeal response which was filed on 11-18-10. (Ex. A. Att 8.)

On 12-6-10 (Ex A. Att 9) Plaintiff filed a grievance appeal to ADOC Director Chuck Ryan. After waiting for a response past time limitations, Plaintiff once again filed an inmate letter inquiring a response from Central Office and director Chuck Ryan.

Plaintiff never recived a response of inmate letter 1-20-11 (Ex A. Att 10)

Furthermore, Plaintiff never recived a response from Central Office

D.0. 802 .05 (1.4)

> Within 30 calender days of receiving the Inmate Grievance Appeal, the Central office Appeals Officer shall prepare a response and submit it to the Director for signature.

By Plaintiff not reciving a response from Central Office within the time limitations and requests in itself is a decisive decision of the Director.

D.0. 802.05 (1.8)

> "The decision of the Director is final and constitutes

exhaustion of all remedies within the Department."
Hence, Plaintiff has exhausted remedies.

Plaintiff also sent a copy of all inmate letters and grievance proceedings to Central Office by United States Post Office. Plaintiff is in the process of obtaining a copy of the institutional legal mail log from 12-6-10 to 12-13-10. At this time have not been able to receive copy yet.

To say that Plaintiff did not exhaust administrative remedies is ludicrous. To say that Plaintiff does not have grievance filed at Central Office could only mean some personnel misplaced file or mistakenly disposed of it.

Furthermore, Plaintiff went beyond administrative remedies and even filed a Special Action Petition in the Arizona Court of Appeals to obtain retention funds.

Arizona Court of Appeals declined jurisdiction without giving a written reason why. (Ex A. Att 11).

## IN CONCLUSION

Plaintiff did in fact exhaust all available administrative remedies. Plaintiff did in fact through the grievance procedure make ADOC and defendant Chuck Ryan aware that their actions where in violation of the 5th Amendments property and "takings clause" along with the 14th Amendments due process of law clause.

Based upon the reasons and proof submitted here
in Plaintiff requests that the defendants Rule 12(B)
Motion to Dismiss be denied and defendant be ordered
to answer Plaintiff's complaint.

RESPECTFULLY SUBMITTED this 25 day of January, 2012.


Signed: Peter L. Little
In Pro. Per.


CERTIFICATE OF SERVICE

Original and two copies mailed to the Clerk of the
Court this 25 day of January 2012, and copies mailed
to the following:


Defendants:
Katherine Watanabe
Ass. Attorney General/Defendant
1275 W. Washington
Phoenix, AZ 85007

EXHIBIT "A"

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Little Peter J | 173397 | Yuma Dakota 7C12 | 6-1-10 |

| To: | Location |
|---|---|
| CO III Wilcox, CO III Ortiz | CO III Office Bldg 7C |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

This is an informal resolution request to have my retention fund placed on spendable account as A.R.S. § 31-254 does not have a provision for me having a natural life sentence. The A.R.S. statutes all apply to guys having a release date I don't. Also because of the fact of ADC holding my rightful money is a violation of my 5th & 14th Amendment rights under the U.S. Constitution. Regardless of any state statute.

I filed a retention release form on this issue but of course recived no response.

| Inmate Signature | Date |
|---|---|
| Peter Little | 6-1-10 |

Have You Discussed This With Institution Staff? ☑ Yes ☐ No

If yes, give the staff member's name: Filed retention forms/ no response

ATT. 1

Distribution:   White - Master Record File      Canary - Inmate

916-1
4/15/04

7C12U

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Little, P. | 173397 |

| Institution/Unit |
|---|
| ASPC-Yuma/Dakota |

| From | Location |
|---|---|
| G. Wilcox COIII | Bldg 6 |

In response to your informal resolution dated 06/01/10 re: moving retention funds to spendable account, be advised there is a provision in D.O. 905 attachment J for the purpose of utilizing/accessing your retention funds. If you do not agree with this you may proceed to the next level. End of Response.-------------------------------------------------------

| Staff Signature | Date |
|---|---|
| H Wilcox COIII | 06/25/10 |

Distribution:  Original - Central Office Master File
         Copy - Inmate
         Copy - Institutional File

916-2
5/13/

ATT. 2

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| Received By | G. Wilcox | |
|---|---|---|
| Title | COII | |
| Badge Number 1887 | Date | 07/02/10 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First, M.I.) | ADC Number | Date |
|---|---|---|
| Little, Peter J. | 173397 | 6-17-10 |

| Institution/Facility | Case Number |
|---|---|
| Yuma Dakota 7C12U | 10-406-013 |

TO: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate) I submitted a retention fund form to have retention placed on spendable account as the A.R.S. 31-254 does not apply to me because I have no release date and need money for legal costs. I then submitted an informal resolution. I've recieved no responses and by the state holding funds in a retention fund is in violation of my 5th Amendment right to property being taken without just compensation and to the 5th & 14th Amendments due process of law. By keeping my money on retention is also in violation to the 5th Amendments "takings clause." Under U.S. Supreme Court law a state statute is without merit when it violates the U.S. Constitutional Amendments.

**Proposed Resolution** ( What Informal attempts have been made to resolve the problem? What action(s) would resolve the problem?) Submitted retention forms and an informal with no responses. Resolution - to place all retention funds on spendable account with just compensation of 8%. This will avoid further court litigation for attempting to deprive and defraud use of what's rightfully mine.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Peter Little | 6-17-10 | | |

**Action by** DEPUTY WARDEN RIDER     **Documentation of Resolution or Attempts at Resolution.**
I reviewed your informal and the response provided concerning your grievance to have all retention funds placed on your spendable account due to your status as a "natural lifer" and your assertion that ARS 31-254 does not apply to you. I cannot resolve this issue as I do not have authority to go outside the policy. I recommend that the policy be reviewed (D.O. 905) and section 1.2 be revised/reviewed with the goal being "clarification of the status of "lifer's" vis a vis the retention fund.

| Staff Member's Signature | Badge Number | Date | |
|---|---|---|---|
| Rider | | 7-9-10 | Att. 3 |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File.

802-1P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Little Peter J. | 173397 | Cibola GF9 | 9-29-10 |

| To: | Location |
|---|---|
| CO III Huizar | CO III office GF |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I want to know why I have not recived the grievance back from Dakota Unit which you told me was on the wardens desk.

I want a written response added with the return of this inmate letter since the grievance cordinator will not process my grievance without a written response. This is an informal resolution request an why my grievance has not been answered and returned from Dakota Unit since this is the same complex as Cibola.

A.D.C. is knowingly violating my 5th and 14th Amendment rights under U.S. Supreme Court law an U.S. Constitution by illegaly holding my money on a retention fund and state statute which does not apply to me and is erroneous under U.S. Supreme Court presidents.

| Inmate Signature  Peter Little | Date  9-29-10 |
|---|---|

Have You Discussed This With Institution Staff? ☑ Yes ☐ No   CO III Huizar, CO III Wilson at    ATT4
If yes, give the staff member's name: Dakota Unit, grievance filed at Dakota Unit.

916-1
4/15/04

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Letter Response**

> For distribution:  Copy of corresponding Inmate Letter must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Litter, Peter J. | 173397 |

| Institution/Unit |
|---|
| ASPC-Yuma-Cibola |

| From | Location |
|---|---|
| COIII Huizar | COIII Office Building 6E/F |

This is your second inquiry on the same issue. On 8/16/2010 you gave me an inmate letter inquiring on the status of you grievance. I, verbally informed you, that I was told by Dakota Grievance coordinator that your grievance was at the Warden's office. I have now on 10/06/10 been informed that the grievance was never received at the Warden's offices. I contacted the Dakota Grievance coordinator and she provided me with a copy of your grievance and grievance response from the Dakota Deputy Warden. A copy has been attached for you to use/information. Also, per Policy 801.01.11 Unless notified of an extension of time frames, expiration of any time limit for a response at any stage in the process shall entitle the inmate grievant to move to the next step in the process. Extensions at any step in the grievance process shall not exceed 15 working days.

| Staff Signature   COIII  *(signature)*  6990 | Date  10-7-10 |
|---|---|

Distribution:  Original - Central Office Master File
          Copy - Inmate
          Copy - Institutional File

916-2
5/13/10

ATT 5

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received by: E. Jensen
Title: COIV
Badge #: 8515
Date: 10/15/14

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Little Peter J. | 173397 | 10-8-10 |

| Institution | Case Number |
|---|---|
| Cibola / Yuma  CFB | 10 Y06-013 |

TO: Yuma Complex Warden J. Sternes

I am appealing the decision of **Deputy Warden Rider** for the following reasons:

I recived my grievance back on 10-7-10 which was filed at Dakota Unit concerning my retention fund and A.R.S. § 31-254 which violates my 5th and 14th Amendment rights under the U.S. Consti-tution. Warden Rider admits that he does not have the authority to go outside of policy and to put spendable account with retention. If this applies to you as well I will appeal to central office.

Thank You.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Peter Little | 10-10-10 | | 10/25/10 |

Response To Inmate By: R. Allen Bock, Warden   Location ASPC Yuma Complex Administration

See attached

| Staff Signature | Date |
|---|---|
| R. All B | 11/18/10 |

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

802-3
7/13/09

ATT C

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Letter**

Requests are limited to one page and one issue NO ATTACHMENTS PERMITTED Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Little Peter J | 173397 | Cibola | 11-21-10 |

| To: | Location |
|---|---|
| Grievance Coordinator | CO-II Jensen Office |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

On 10-11-10 I submitted my grievance appeal to complex warden J. Sternes office. The 30 working days for my response was up on November 19, 2010. How come I haven't recived my appeal and response back yet when it's been six weeks? I need my appeal so I can appeal to Central Office. I also need you to send me a appeals form for Central Office.

                    Thank You

11/30/10  Attached, [signature]

| Inmate Signature | Date |
|---|---|
| Peter Little | 11-21-10 |

Have You Discussed This With Institution Staff?  ☑ Yes   ☐ No

If yes, give the staff member's name: This kite here to you.

ATT 7

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Little, Peter | 173397 | ASPC Yuma Dakota | 10-Y06-013 |

I am in receipt of your inmate grievance appeal and have reviewed the documentation in regards to case #10-Y06-013.

You state in your grievance to Deputy Warden Rider that you need your money in your retention fund account for legal costs and you want all of your money moved to your spendable account.  Department Order 905.04 Disbursement of Inmate Monies section 1.2 specifically Attachment J states you can use your retention fund for legal costs.

As for your request to have all of your retention money placed in your spendable account this is not allowed in Department Order 905.

Therefore, I can't resolve your grievance.   You have five work days to appeal my decision to the next level.

| Signature | Date |
|---|---|
| *[signature]* | 11/15/10 |

INITIAL DISTRIBUTION - <u>Committee Recommendation</u> - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - <u>GF Supplement</u> - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

ATT 8

802-7
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

(To be completed by staff member initially receiving appeal)

Received by:_____
Title: _____
Badge #: _____
Date: _____

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Little Peter J. | 173397 | 12-6-10 |

| Institution | Case Number |
|---|---|
| Yuma/Cibola GF9 | 10-406-013 |

TO: Chuck Ryan ADC Director

I am appealing the decision of Yuma Complex Admin and Warden J. Sternes for the following reasons:
They will not place retention fund on spendable account. The retention fund is in violation of my 5th Amendment Rights for "takings clause" and "Due Process" under the 14th Amendment. A.R.S. 31-254 is erroneous as it has no provisions when it comes to a convict with no release date. Furthermore, under U.S. Supreme Court law a state statute is without merit when it violates the U.S. Constitutional Amendments.
    I am requesting that $1,000.00 of my retention fund be send to my Mother and the rest be placed on spendable account. See attachment→

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Peter Little | 12-6-10 | | |

| Response To Inmate By: | Location |
|---|---|

| Staff Signature | Date |
|---|---|

DISTRIBUTION:
INITIAL: White & Canary - Grievance Coordinator
         Pink - Inmate
FINAL: White - Inmate
       Canary - Grievance File

802-3
7/13/09

ATT 9

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Little  Peter  J. | 173397 | Yuma / Cibola GF9 | 10 - Y06 - 013 |

If this request is denied I will be forced to file a federal law suit for the violation of 5th and 14th Amendments. The law suit will also include just compensation under the 5th Amendment along with the State of Arizona ADC paying all Court costs and also making up the differents for the $4.50 per hour that the ADC took off of the top of wages paid.

The grievance was returned to me on 12-2-10 and I have five working days to file this response by 12-8-10 under policy.

This appeal is being sent to ADC Central office on 12-6-10. This appeal is also being mailed by Registered Mail.

Mother Address.

Pamula Little
2921 E. Pierson Rd.
Flint MI, 48506


Central office has 30 working days to respons to this appeal per policy. making it 1-16-11 excluding hollidays.

I am also making it known to Central office that the original Inmate Letter on this issue, the CoIII's Response from G. Wilcox, the original grievance when submitted at Dakota Unit was not returned to me. I was transfered to Cibola on the same complex and wrote an Inmate Letter to CoIII Huizar. The Dakota grievance still was not returned so I wrote another inmate letter to CoIII Huizar. He obtained a faxed copy of the grievance which he returned to me but still did not recive my original copies that I should of obtained. → GF Supplement page two →

| Signature | Date |
|---|---|
| Peter Little | 12-6-10 |

INITIAL DISTRIBUTION - <u>Committee Recommendation</u> - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - <u>GF Supplement</u> - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

GF - Supplement Page Two.

The ADC paralegal would not make copies because in her opinion a grievance is not legal work therefore would not be approved for qualified legal copies. The librarian denied copies for me when another inmate tried to obtain copies because his name was not on papers and even though he had the funds on account.

Therefore these pages are not included with this appeal and if this office wants to see they can obtain the original file from Dakota Unit.

Appellate here will retain his copies as proof of exhausting state remedies if a civil suit is necessary and knows this office will not return papers as the state has attempted to hinder appellate at all stages of this process.

Per Policy this office has 30 working days to respond to the appeal which would make the date of January 14, 2011.

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

.Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Little, Peter J | 173397 | Yuma/Cibola GF9 | 1-20-11 |

| To: | Location |
|---|---|
| Grievance Coorinator | Coorinator's Office |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I'm writing to ask where my response is for the grievance I filed with Central Office on 12-6-10 at it's now two weeks pass the time Central office and ADC Director Chuck Ryan had to respond per ADC policy. Grievance Case Number is 10-Y06-013 and concerns my retention fund.

Thank You

| Inmate Signature | Date |
|---|---|
| Peter Little | 1-20-11 |

Have You Discussed This With Institution Staff?  ☐ Yes  ☑ No
If yes, give the staff member's name:

ATT 10

Distribution: White - Master Record File    Canary - Inmate

916-1
4/15/04

IN THE

# Court of Appeals

STATE OF ARIZONA
DIVISION ONE

FILED   JUL 2 0 2010

PHILIP G. URRY, CLERK
BY_____

|  |  |
|---|---|
| PETER JAMES LITTLE,<br><br>Petitioner,<br><br>v.<br><br>THE HONORABLE MARGARET R.<br>MAHONEY, Judge of the SUPERIOR<br>COURT OF THE STATE OF ARIZONA,<br>in and for the County of<br>MARICOPA,<br><br>Respondent Judge,<br><br>STATE OF ARIZONA,<br><br>Real Party in Interest. | Court of Appeals<br>Division One<br>No. 1 CA-SA 10-0152<br><br>Maricopa County<br>Superior Court<br>No. CR 2001-005401 |

**CERTIFICATE OF MAILING re:
ORDER SETTING DATES**

A true copy of the foregoing document was mailed July 20, 2010, to:

Peter James Little, ADOC 173397
Arizona State Prison
Yuma - Dakota Unit
P O Box 8940
San Luis, AZ 85349

Marjorie S Becklund, Assistant Attorney General
Arizona Attorney General's Office
1275 W Washington St
Phoenix, AZ 85007

Hon Margaret R Mahoney, Judge
Maricopa County Superior Court
East Court Building
101 West Jefferson St
Phoenix, AZ 85003-2243

PHILIP G. URRY, CLERK

By_____
      Deputy Clerk

ATT 11

IN THE

# Court of Appeals

STATE OF ARIZONA
DIVISION ONE

DIVISION ONE
COURT OF APPEALS
STATE OF ARIZONA

FILED    JUL 2 0 2010

PHILIP G. URRY, CLERK
BY

PETER JAMES LITTLE,                     )    Court of Appeals
                                        )    Division One
                    Petitioner,         )    No. 1 CA-SA 10-0152
                                        )
            v.                          )    Maricopa County
                                        )    Superior Court
THE HONORABLE MARGARET R.               )    No. CR 2001-005401
MAHONEY, Judge of the SUPERIOR          )
COURT OF THE STATE OF ARIZONA,          )
in and for the County of                )
MARICOPA,                               )
                                        )
                    Respondent Judge,   )
                                        )
STATE OF ARIZONA,                       )
                                        )    **ORDER SETTING DATES**
                    Real Party in Interest. )  **DIRECTING SERVICE and**
_____     )    **FIXING TIME FOR RESPONSE**

        A petition in a special action having been filed,

        **IT IS ORDERED** that said petition will be considered either
at argument or conference during the MORNING of August 11, 2010, by
Department B (August):

                John C Gemmill, Presiding Judge
                    Michael J Brown, Judge
                        Philip Hall, Judge

The parties and their counsel are directed to reserve the MORNING of
the above date in the event the court determines that oral argument
should be scheduled.

        **IT IS FURTHER ORDERED** that objections to the relief
requested in the petition, shall be in the form of a written response
and shall be filed and served on or before July 30, 2010, unless the
court, prior thereto, declines to accept jurisdiction without
requiring a response.  After the time for filing a response has
expired, the parties will be notified if oral argument will be heard
or if the matter will be considered at court conference only.  The
date in any event, will be as indicated in the first paragraph.

DIVISION ONE
COURT OF APPEALS
STATE OF ARIZONA

IN THE

# Court of Appeals

STATE OF ARIZONA
DIVISION ONE

FILED   JUL 2 1 2010

PHILIP G. URRY, CLERK
BY

PETER JAMES LITTLE,                     )   No. 1 CA-SA 10-0152
                                        )
                        Petitioner,     )   DEPARTMENT B
                                        )
            v.                          )   Maricopa County
                                        )   Superior Court
THE HONORABLE MARGARET R.               )   No. CR 2001-005401
MAHONEY, Judge of the SUPERIOR          )
COURT OF THE STATE OF ARIZONA,          )      **O R D E R**
in and for the County of                )
MARICOPA,                               )
                                        )
                   Respondent Judge,    )
                                        )
STATE OF ARIZONA,                       )
                                        )
            Real Party in Interest.     )
_____)

COURT OF APPEALS DIVISION 1
STATE OF ARIZONA
FILED

AUG 0 9 2010

RUTH WILLINGHAM, ACTING CLERK
By

        The  court  (Judges  John  C.  Gemmill,  Michael  J.  Brown,  and

Philip  Hall,  participating)  has  received  the  petition  for  special

action  in  this  matter.   After  consideration,

        **IT IS ORDERED** that  the  Court  of  Appeals,  in  its  discretion,

declines  to  accept  special  action  jurisdiction  in  this  matter.

        **IT IS FURTHER ORDERED** vacating  this  court's  July  20,  2010

order  setting  dates,  directing  service,  and  fixing  time  for  response.

        **IT IS FURTHER ORDERED** that  a  copy  of  this  order  shall  be

sent  to  each  party  appearing  herein  and  to  respondent.

_____
JOHN C. GEMMILL, Presiding Judge

refused



RUTH WILLINGHAM

ACTING CLERK OF THE COURT

# Court of Appeals

STATE OF ARIZONA
DIVISION ONE
STATE COURTS BUILDING
1501 WEST WASHINGTON STREET
PHOENIX  ARIZONA 85007

Phone  (602) 542-4821

Fax     (602) 542-4833

August 27, 2010

Michael K Jeanes, Clerk
Maricopa County Superior Court
201 West Jefferson Street
Phoenix, Arizona  85003

Dear Mr. Jeanes:

                    RE:  1 CA-SA 10-0152

                    LITTLE v. HON MAHONEY/STATE

                    Maricopa County Superior Court
                    CR 2001-005401

The following are enclosed in the above entitled and numbered cause:

     Certified Copy of ORDER declining jurisdiction.

     There are no records to be returned.

                    RUTH WILLINGHAM, ACTING CLERK

                    By_____
                         Deputy Clerk

Enclosures (as noted)
C:
Peter James Little
Marjorie S Becklund
Kent E Cattani
Hon Margaret R Mahoney, Judge