1  Thomas C. Horne
   Attorney General
2
   Katherine E. Watanabe
3  Assistant Attorney General
   State Bar No. 027458
4  1275 W. Washington
   Phoenix, Arizona 85007
5  Telephone: (602) 542-7695
   Fax:  (602) 542-7670
6  E-mail: Katherine.Watanabe@azag.gov

7  Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter J. Little,<br><br>         Plaintiff,<br><br>v.<br><br>Charles L. Ryan,<br><br>         Defendant. | No: CV11-781-PHX-FJM (LOA)<br><br>**DEFENDANT RYAN'S REPLY IN SUPPORT OF HIS UNENUMERATED RULE 12(B) MOTION TO DISMISS** |

Defendant Ryan replies in support of his Unenumerated Rule 12(b) Motion to Dismiss (Dkt. 22).  In his Motion, Defendant Ryan asserts that Little failed to exhaust his administrative remedies regarding the claim alleged in his First Amended Complaint that the money from his retention account was being put in an interest bearing account and that the earned interest was being used for government projects. (Dkt. 13 at 13.)  In his Response (Dkt. 24), Little fails to come forward with any evidence that shows that he did exhaust his administrative remedies with regard to the issue before the Court.  As such, the Court should dismiss Little's First Amended Complaint.

In its January 13, 2012 Order, the Court advised Little that, in response to admissible evidence from Defendant, he needed to produce evidence to show that he did exhaust his administrative remedies.  (Dkt. 23 at 1-2.)  While Little does attach a copy of

the paperwork for Grievance Appeal 10-Y06-013, that grievance relates solely to his desire to transfer the money in his retention fund to his spendable account and to his mother. (Dkt. 24 at 9-20.) The grievance makes no mention of the money being kept in an interest bearing account, that Little was entitled to that interest, or that ADC used the interest for government projects. (*Id*.) The only mention of interest in the grievance is in the proposed resolution section, in which Little states that he believes 8% interest is just compensation for denying him access to the money in his retention account. (*Id*. at 11.) Little's claim that his money was being illegally kept in a retention account was dismissed by this Court in its screening order. (Dkt. 14 at 8.) The only claim that remains is that the money was kept in an interest bearing account and that the earned interest was used for government projects when Little was entitled to the interest. (*Id*.)

Little further claims that he went beyond what was required of him and inquired into the status of his grievance responses once the response times had passed. (*Id*. at 3-6.) He also claims that he filed a special action petition to obtain his retention funds. (*Id*. at 6.) Neither of these arguments is relevant to the issue of whether he exhausted his administrative remedies with regard to the issue of his money being put in an interest bearing account from which the earned interest was used for government projects. Whatever steps Little took in Grievance Appeal 10-Y06-013 have no bearing on the issue before the Court since that grievance dealt solely with Little's desire to have the money in his retention account transferred to his spendable account and to his mother.[1] As for his filing of a special action petition, that is neither a part of the administrative remedies procedure nor do the documents he provides give any indication as to why the special

---

[1] Little makes much of the fact that he followed up whenever he did not receive a response to his grievances within the timeframes laid out by DO 802; however, as he was informed in a response to an inmate letter (Dkt. 24 at 13), this was unnecessary because a lack of response within the established timeframe entitles the grievant to proceed to the next level of the process. (Dkt. 22, Exhibit 1 at Attachment A at 802.07-1.2.4, Attachment B at 802.01-1.11.)

action is relevant to this case (Dkt. 24 at 21-24). Little claims only that the special action was to gain access to the funds in his retention account (Dkt. 24 at 6), which has nothing to do with what kind of account the funds were being kept in or what was being done with the interest.

In conclusion, Little has proven only that he exhausted his administrative remedies with regard to an issue that was dismissed by this Court in its screening order. Because Little failed to exhaust his administrative remedies with respect to his claim that the money from his retention account was being put in an interest bearing account and that the earned interest was being used for government projects, Defendant Ryan respectfully requests this Court dismiss Little's First Amended Complaint in its entirety.

RESPECTFULLY SUBMITTED this 13th day of February, 2012.

THOMAS C. HORNE
Attorney General

s/ Katherine E. Watanabe
KATHERINE E. WATANABE
Assistant Attorney General
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2012, I served the attached document and Notice of Electronic Filing by mail on the following, who is not a registered participant of the CM/ECF System:

Peter J. Little, ADC#173397
ASPC–Yuma / Cibola Unit
P.O. Box 8820
San Luis, AZ 85349
*Plaintiff pro se*

s/ M. Beke
2591546